## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GUARDIAN NEWS & MEDIA, LLC,    )
100 Broadway, 11th floor    )
New York, NY 10005    )
    )
    **Plaintiff,**    )
    )
v.    )
    )
CONSUMER FINANCIAL    )
PROTECTION BUREAU,    )
1700 G Street, NW    )
Washington, DC 20552    )
    )
BOARD OF GOVERNORS OF THE    )
FEDERAL RESERVE SYSTEM,    )
2001 C Street NW    )
Washington, DC 20551    )
    )
    **Defendants.**    )

## COMPLAINT

1.     Plaintiff GUARDIAN NEWS & MEDIA, LLC brings this suit to force Defendants CONSUMER FINANCIAL PROTECTION BUREAU and BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM to conduct a reasonable search, issue a determination, and produce records referenced in a civil complaint publicly filed by CFPB in 2024 against Rocket Homes Real Estate LLC that has since been dismissed.

## PARTIES

2.     Plaintiff GUARDIAN NEWS & MEDIA, LLC ("THE GUARDIAN") is an award-winning news media publication covering American and international news for an online, global audience.  THE GUARDIAN is the FOIA requester in this case.

3.      Defendant CONSUMER FINANCIAL PROTECTION BUREAU ("CFPB") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM ("FRS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. FRS is the parent agency of CFPB.

## JURISDICTION AND VENUE

5.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 17, 2026 FOIA REQUEST TO CFPB

7.      On March 17, 2026, Plaintiff submitted a FOIA request to CFPB for the following records referenced in a December 23, 2024 complaint filed by CFPB against Rocket Homes Real Estate LLC alleging violations of the Real Estate Settlement Procedures Act (RESPA):

> 1. Copies of any civil investigative demands that the CFPB sent out and civil investigative demand responses that the CFPB received as part of its investigation that resulted in the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA.
>
> 2. Copies of any interview transcripts or notes that the CFPB created stemming from interviews it conducted as part of the investigation that resulted in the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA.
>
> 3. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 43 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA.
>
> 4. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 52 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to an incident in which two real estate agent were allegedly reprimanded.

- 2 -

5. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 53 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to an incident in which a real estate agent was allegedly punished for setting up a client with a local lender.

6. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 54 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to data about alleged Rocket Homes penalties and the rationale for those penalties.

7. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 55 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to an alleged Rocket Homes capture rate goal.

8. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraphs 56 and 57 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to specific calls that Rocket Homes made to real estate brokerages.

9. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 58 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to reports or reporting from real estate agents gathered by the CFPB during the course of its investigation.

10. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 59 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to tactics and instructions deployed by the Mitchell Group and a quote from an unnamed source.

11. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraphs 60, 61, and 62 of the

December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to pressure Rocket Homes put on real estate brokerages and site visits made by Rocket Homes personnel to those brokerages.

12. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 62 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to historical data on Rocket Mortgage referrals.

13. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 66 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to a mandatory corporate training and provides an unattributed quote stemming from that training.

14. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 67 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to a reminder worksheet reviewed by the CFPB.

15. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 68 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to an unattributed message from a Rocket Homes roadshow emphasizing its allegedly preferential relationship with Amrock.

16. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records, or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraph 69-75 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to "Dog Bones" referrals made by and received by the Mitchell Group, gift cards Jason Mitchell alleged gave to the top-5 Mitchell Group agents making the most Dog Bone referrals each month, automatic "Dog Bone Alert" emails, forwarded emails from Mitchell to Rocket Homes, a May, 16, 2019 email from Mitchell, 2020 and 2021 requests from Mitchell to Rocket Homes for referrals, and pilot programs involving the Mitchell Group and various Rocket companies.

17. Copies of the underlying electronic communications, emails, interviews, interview transcripts, call recordings, call records, data, corporate records,

or other records or evidentiary materials that provided the evidentiary basis for the specific claims referenced in paragraphs 77 and 78 of the December 23, 2024 complaint filed in case 2:24-cv-13442-BRM-KGA, which refers to Rocket Homes data and policies.

8.    A true and correct copy of the complete FOIA request is attached as Exhibit 1.

9.    On May 6, 2026, having not received any response to the FOIA request, Plaintiff sent a follow-up message to CFPB seeking an estimated date of completion and inquiring about the status of the request, including whether the search for responsive records was complete, how many pages of responsive records were located, and whether an analyst had been assigned to review the responsive records.

10.    A true and correct copy of the correspondence is attached as Exhibit 2.

11.    On May 7, 2026, CFPB acknowledged receipt of the FOIA request and assigned reference number CFPB-2026-0481-F to the matter.  CFPB stated that it "has a backlog of pending requests" and sought an extension of ten business days to respond to the request.

12.    A true and correct copy of the correspondence is attached as Exhibit 3.

13.    CFPB did not send any other correspondence to Plaintiff regarding this request and did not provide any of the information Plaintiff requested on May 6, 2026.

14.    As of the date of this filing, CFPB has not issued a determination on Plaintiff's request.

15.    As of the date of this filing, CFPB has failed to make any responsive records promptly available to Plaintiff.

### COUNT I – CFPB'S FOIA VIOLATION

16.    Paragraphs 1-15 are incorporated by reference.

17.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

18.    Defendant CFPB is a federal agency subject to FOIA.

19.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

20.     Defendant CFPB has failed to conduct a reasonable search for records responsive to the request.

21.     Defendant CFPB has failed to issue a determination within the statutory deadline.

22.     Defendant CFPB has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiff attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: May 29, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
GUARDIAN NEWS & MEDIA, LLC

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A

San Francisco, CA 94108
(312) 243-5900
foia@loevy.com